UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

    Plaintiff,

v.

XLOMARA HUERTAS et al,

    Defendants.

CASE NO. 3:19-cv-05980-RJB-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge J. Richard Creatura. Before the Court are several motions: (1) defendants' Ray Hendrickson, Xlomara Heurtas, Natasha House, Rhana Kahn, State of Washington, and Western State Hospital ("WSH defendants") second motion to dismiss (Dkt. 41); (2) plaintiff's motion for extension to file surreply (Dkt. 48); (3) plaintiff's motion for surreply (Dkt. 50); (4) plaintiff's motion for extension to file names of doe defendants (Dkt. 51); and (5) plaintiff's motion for partial judgment on the pleadings (Dkt. 53).

### 1. Cross-motions (Dkt. 41, 53)

The WSH defendants filed a second motion to dismiss on March 11, 2020, which is noted for April 3, 2020. Dkt. 41. On April 16, 2020, plaintiff filed a motion for partial judgment on the pleadings, which is noted for May 8, 2020. Dkt. 53. Because the motions are functionally identical, the same standard of review that is applicable to a Rule 12(b)(6) motion to dismiss applies to its Rule 12(c) motion for judgment on the pleadings analog. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

The Court directs the Clerk to re-note the WSH defendants' second motion to dismiss (Dkt. 41) for May 8, 2020, so that the motions can be considered simultaneously. *See* Local Civil Rule 7(k) ("[e]ven if the motion and cross motion are noted for different days, the court will typically consider them together").

### 2. Motion for Extension to File Surreply and Motion for Surreply (Dkt. 48, 50)

Plaintiff filed a motion for extension to file surreply and a motion for surreply the same day. Dkt. 48, 50. The Court notes that the motion for surreply (Dkt. 50) was not docketed as a pending motion with a noting date, however, the Court construes it as such and will address the filing as a motion.

Pursuant to Local Rule CR 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id.*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). "[D]istrict courts have the discretion to either permit or preclude a surreply." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). However, "[t]he Court generally views motions for leave to file a surreply with disfavor." *Id.* Although courts in the Ninth Circuit are required to afford *pro se* litigants additional leniency, this leniency

1   "does *not* extend to permitting surreplies as a matter of course and the Court is not generally

2   inclined to permit surreplies absent an articulation of good cause why such leave should be

3   granted." *Id.* A request for leave to file a sur-reply typically is denied when no new evidence or

4   legal arguments are raised for the first time in the reply brief. *See Banga v. First USA, NA*, 29 F.

5   Supp. 3d 1270, 1276 (N.D. Cal. 2014).

6       Here, plaintiff does not identify any new legal arguments which were raised by

7   defendants for the first time in their reply. Dkt. 50. Defendants did not provide any new evidence

8   in the reply to plaintiff's opposition nor did they raise new issues or arguments. Rather,

9   defendants cited to their motion to dismiss and various legal authorities and addressed issues

10  raised by plaintiff in his opposition. Dkt. 43, 45. Plaintiff has not offered a valid basis on which

11  the Court should exercise its discretion to permit the filing of a surreply. Therefore, the Court

12  denies plaintiff's motion for extension to file a surreply as moot (Dkt. 48) and denies plaintiff's

13  motion for surreply (Dkt. 50).

14

15

16

17

18

19

20

21

22

23

24

**3. Motion for Extension to Name Doe Defendants (Dkt. 51)**

Plaintiff filed a second motion for extension to identify the doe defendants. Dkt. 28, 51. Plaintiff states that he has been investigating the doe defendants, but he will not have the information by the Court's original deadline of April 20, 2020. *Id.* Defendants do not oppose an extension to May 14, 2020. Dkt. 54, 55. Accordingly, petitioner's motion for an extension to file names of doe defendants is granted (Dkt. 51). Plaintiff may file the names and addresses of the doe defendants on or before May 14, 2020.

Dated this 23rd day of April, 2020.

J. Richard Creatura
United States Magistrate Judge