UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

    Plaintiff,

v.

XLOMARA HUERTAS et al,

    Defendants.

CASE NO. 3:19-cv-05980-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 19, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge. Plaintiff alleges that his federal constitutional rights and rights under Washington state law were violated when defendants failed to comply with his public records request. Dkt. 38.

Before the Court is defendants' State of Washington, Western State Hospital ("WSH"), Xiomara Heurtas (aka "Xiomara Crockett"), Natasha House, Dr. Ray Hendrickson, and Dr. Rana Khan (hereinafter "WSH defendants") partial motion to dismiss (Dkt. 41) and plaintiff's partial motion for judgment on the pleadings (Dkt. 53).

Plaintiff alleges that his constitutional and state law rights were violated when his medical records from WSH were censored and withheld. Dkt. 38. The Court finds that plaintiff's

1  supervisory liability claims against defendant House fail to allege a minimum factual and legal
2  basis, and recommends granting the WSH defendants' motion but allowing plaintiff leave to
3  amend his complaint.  Plaintiff's First Amendment claims fail as a matter of law, and the Court
4  recommends granting the WSH defendants' motion without leave to amend. The Court declines
5  to address plaintiff's state law claims at this time and recommends denying the WSH defendants'
6  motion without prejudice as to those claims. The Court recommends denying plaintiff's partial
7  motion for judgment on the pleadings (Dkt. 53) without prejudice as premature.

8  Also pending is defendants Lee Stemler, Tuggle, and Jack Warner ("Department of
9  Corrections or DOC defendants") motion for summary judgment, Dkt. 58, which the Court will
10 address in a separately filed report and recommendation.

## BACKGROUND

12 The following allegations are those relevant to the WSH defendants' motion to dismiss
13 and plaintiff's partial motion for judgment on the pleadings.

14 Plaintiff is a prisoner currently housed at Washington State Penitentiary. *See* Dkt. 38 at 3.
15 Prior to his incarceration, plaintiff was treated by defendants Hendrickson and Khan at WSH.
16 Dkt. 38. Plaintiff alleges that his constitutional and state law rights were violated when his
17 medical records from WSH were censored and withheld. Dkt. 38 at 11.

18 On August 30, 2017, plaintiff alleges that defendant Huertas received plaintiff's medical
19 records and that she was "censoring them" from plaintiff. Dkt. 38 at 11. Plaintiff alleges that he
20 provided multiple medical confidentiality waivers. *Id.* at 11-13. On August 13, 2018; August 24,
21 2018; and September 8, 2018, plaintiff alleges that defendant House censored medical records
22 from WSH. *Id.* at 13. Plaintiff alleges that defendant House is also liable in her role as a

1 supervisor. *See* Dkt. 38 at 29, 45.  Plaintiff alleges that the actions of the WSH defendants

2 violated the First Amendment, equal protection clause, and Washington state law. *Id.*

3       Plaintiff seeks monetary damages. Dkt. 38.

## STANDARD OF REVIEW

5       A complaint must contain a "short and plain statement of the claim showing that the

6 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

7 the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

8 allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

9 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint

10 and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v.*

11 *United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a

12 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

13 theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570). The

pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."

*Id.*

      While the Court must accept all the allegations contained in the Complaint as true, the

Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a

plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than

allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g*

1  *denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en

2  banc) (petitioner should be afforded the "benefit of any doubt").

3        While the court can liberally construe a plaintiff's complaint, it cannot supply an essential

4  fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting*

5  *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The court

6  need not accept as true unreasonable inferences or conclusory legal allegations cast in the form

7  of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## PROCEDURAL HISTORY

Plaintiff was granted *in forma pauperis* status on October 23, 2019. Dkt. 4. Plaintiff's complaint was filed the same day. Dkt. 5. On December 30, 2019, the WSH defendants filed their first motion to dismiss. Dkt. 24. On January 18, 2020, plaintiff filed a motion to amend his complaint, which the Court granted. Dkt. 30, 37. Plaintiff filed an amended complaint on February 26, 2020. Dkt. 38. The Court denied the WSH defendants' first motion to dismiss as moot without prejudice based on the filing of the amended complaint. Dkt. 39, 44.

The WSH defendants filed their renewed motion to dismiss (hereinafter "motion to dismiss") on March 11, 2020. Dkt. 41. The WSH defendants move for dismissal of all plaintiff's claims against them except for plaintiff's equal protection claims against defendants House and Huertas and plaintiff's related claims against WSH for a failure to provide records. Dkt. 41. Plaintiff filed a response. Dkt. 43. The WSH defendants filed a reply. Dkt. 45.

Plaintiff filed his motion for partial judgment on the pleadings on April 16, 2020. Dkt. 53. The WSH defendants filed a response. Dkt. 57. Plaintiff filed a reply. Dkt. 67.

**DISCUSSION**

The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendants' conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The WSH defendants do not contest that they were acting under the color of state law and thus, the Court addresses whether the WSH defendants' conduct deprived plaintiff of any constitutional rights.

**I.     First Amendment Claim**

Plaintiff alleges that defendants Heurtas, House, and WSH violated his First Amendment rights by failing to provide documents or information under Washington's Public Record Act ("PRA," RCW § 42.56) and Washington's Uniform Health Care Information Act ("UHCIA," RCW § 70.02) Dkt. 38 at 11-14 (counts 1 and 2). The PRA requires a response to a request and disclosure of all responsive public records held by the agency. RCW § 42.56. The UHCIA addresses access to and disclosure of health care information and provides a private right of

1 | action against a health care provider that does not comply with its terms. Dkt. 41 at 5-6; RCW §
2 | 70.02.

3       The First Amendment protects a citizen's right to free speech and to petition the
4 | government for a redress of one's grievances, among other things. U.S. Const. amend. I.
5 | However, the First Amendment does not allow unlimited access to government documents. *See*
6 | *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Further, "the First amendment does
7 | not impose any affirmative obligation on the government to listen [or] to respond" to all
8 | government inquiries. *Smith v. Arkansas State Highway Emp., Local 1315,* 441 U.S. 463, 465
9 | (1979); *see also German v. Eudaly*, 2018 WL 3212020 at *7 (D. Or. June 29, 2018) ("Just as the
10 | First Amendment does not require the government to listen, so it does not require a certain
11 | response from the government."). "Neither the First Amendment nor the Fourteenth Amendment
12 | mandates a right of access to government information or sources of information within the
13 | government's control." *Houchins v. KQED, Inc.,* 438 U.S. 1, 15 (1978). In limited circumstances,
14 | the First Amendment guarantees access to public records, but this right has been limited to court
15 | records. *See, e.g., Press-Enter. Co. v. Superior Court of California for Riverside Cty.,* 478 U.S. 1
16 | (1986). The Washington State Supreme Court has applied this law to First Amendment claims
17 | arising out of the PRA and similarly concluded that the statutory scheme does not give rise to
18 | claims under the First Amendment. *King Cty. Dep't of Adult & Juvenile Det. v. Parmelee*, 254
19 | P.3d 927, 937-38 (2011) (citing *Houchins*, 438 U.S. at 9).Moreover, § 1983 does not provide a
20 | cause of action for violations of state law alone. *See Galen v. Cty. of Los Angeles,* 477 F.3d
21 | 652, 662 (9th Cir. 2007); *Ove v. Gwinn,* 264 F.3d 817 (9th Cir. 2001).

1          Based on the foregoing, the First Amendment does not create a generalized right of access
2  that can be applied in this context. *See Houchins*, 438 U.S. at 9. Accordingly, plaintiff's First
3  Amendment claims against the WSH defendants should be dismissed without leave to amend.

4          **II.        Defendant House – Supervisory Liability**

5          In count 7, plaintiff alleges that defendant House was a supervisor, ignored staff's
6  constitutional violations, and was "recklessly or callously indifferent" to the alleged equal
7  protection violations. Dkt. 41 at 29, 47. This claim is separate from his claims related to
8  plaintiff's other constitutional claims, and defendants concede that plaintiff's equal protection
9  claims against defendant House survive. *See* Dkt. 41. To the extent that plaintiff alleges state law
10 claims against defendant House, *see id.*, those claims are addressed below, *see* Section V.

11         To state a claim for relief under § 1983, a plaintiff must show that the individually named
12 defendant caused, or personally participated in causing, the alleged harm. *See Leer v. Murphy*,
13 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th
14 Cir. 1981). As such, in a § 1983 action, "supervisory officials are not liable for actions of
15 subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th
16 Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor
17 may only be liable "if there exists either (1) his or her personal involvement in the constitutional
18 deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and
19 the constitutional violation." *Id.* at 646 (citation omitted). "The requisite causal connection can be
20 established ... by setting in motion a *series of acts* by others, or by knowingly refus[ing] to
21 terminate a *series of acts* by others, which [the supervisor] knew or reasonably should have
22 known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-
23 08 (9th Cir. 2011); *See also Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018) (holding
24

that without allegations of a specific instance of the use of excessive force, plaintiffs failed to establish that three administrators in police chain of command set in motion a series of actions and that they knew or reasonably should have known would cause a constitutional injury) (internal citation omitted).

Plaintiff has failed to plead facts demonstrating how defendant House's actions as a supervisor violated the constitution. It is not enough that defendant House bore supervisory responsibility for the activities of other staff members. Plaintiff has failed to allege facts establishing that defendant House "set[ ] in motion a series of acts" that defendant House "knew or reasonably should have known" would cause the staff "to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08; *Felarca v*, 891 F.3d at 819-20; *See also Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (it is insufficient for a plaintiff to only allege the defendant, as a supervisor, knew about any alleged constitutional violation and the supervisor generally tolerated the violation, without alleging "a specific policy" or "a specific event or events" instigated by the supervisor that led to the constitutional violations). Without such a causal connection, plaintiff has failed to allege facts demonstrating that defendant House can be held liable solely by virtue of her office and there is no respondeat superior liability under § 1983. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

Accordingly, the Court recommends granting defendants' motion as to plaintiff's supervisory liability claim against defendant House, but that plaintiff be granted leave to amend.

**III.     Leave to Amend**

The Court recommends that plaintiff's First Amendment claim and supervisory liability claim against defendant House be dismissed and that defendants' motion be granted as to those claims. The parties do not address whether leave to amend should be granted. *See* Dkt. 41, 43, 45.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).

This is plaintiff's second complaint. *See* Dkt. 5, 38.  However, because this is the Court's first dismissal recommendation, and because the federal rules provide for a lenient amendment policy, the Court grants plaintiff limited leave to attempt to remedy the deficiencies highlighted above with respect to his supervisory liability claim against defendant House. *See* Fed. R. Civ. P. 15(a) (mandating leave to amend "be freely given when justice so requires."); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (applying policy with "extreme liberality") (citation and quotation marks omitted).

Plaintiff faces significant hurdles to amendment to save his supervisory liability claims against defendant House. Thus, any further amended complaint must be prepared by addressing whether and how the amendment remedies these shortcomings. In preparing the amended

1  complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' motion and
2  outlined herein by the Court. An amended complaint supersedes the original complaint. *Ferdik v.*
3  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)
4  (The original complaint is "treated thereafter as non-existent.") *overruled on other grounds by*
5  *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Failure to file an amended complaint
6  will result in dismissal of plaintiff's claims against defendant House in her supervisory capacity.
7  The Court recommends that plaintiff not be granted leave to amend his First Amendment claim
8  because this claim fails as a matter of law, and any further attempts to amend the complaint
9  would be futile.

10  **IV.     State law claims**

11  The WSH defendants seek dismissal of plaintiff's PRA claim arguing it is barred by the
12  statute of limitations and dismissal of plaintiff's claims against defendants Hendrickson and
13  Khan under the UHCIA because plaintiff has failed to state a claim. Dkt. 41. Defendants concede
14  that plaintiff has stated a claim against defendant WSH under the UHCIA. *See* Dkt. 41.

15  The Court declines to rule on the sufficiency of plaintiff's state law claims (PRA claims
16  and claims against defendants Hendrickson and Khan arising under the UHCIA) until plaintiff
17  has exhausted his opportunity to amend his complaint. *See Ferdik*, 963 F.2d at 1262 (amended
18  complaint supersedes the original complaint) The parties are also informed that the Court may
19  decline to exercise supplemental jurisdiction over state law issues pending its determination of
20  whether a triable issue of fact exists with respect to plaintiff's federal claims. *Burch v. GMAC*
21  *Mortg., LLC.*, 2010 WL 934088, at *3 (N.D. Cal. Mar. 15, 2010).

22  Therefore, the Court recommends denying defendants' motion as to plaintiff's state law
23  claims without prejudice.

24

**V.      Plaintiff's Partial Motion for Judgment on the Pleadings (Dkt. 53)**

Plaintiff seeks judgment on the pleadings as to his remaining claims against the WSH defendants. Dkt. 53.

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed." The Court recommends plaintiff be granted leave to file an amended complaint, and the WSH defendants have not yet filed an answer. Thus, the pleadings have not closed. Therefore, plaintiff's motion (Dkt. 53) is denied without prejudice as moot and premature. *See e.g. Jackson v. Cty. of Maricopa,* 2014 WL 7178408, at *7 (D. Ariz. Dec. 17, 2014), *aff'd,* 657 F. App'x 721 (9th Cir. 2016).

**VI.     CONCLUSION**

For the reasons set forth above, the Court recommends granting in part and denying part the WSH defendants' motion to dismiss. The Court recommends dismissing plaintiff's First Amendment claims with prejudice and without leave to amend. The Court recommends dismissing plaintiff's supervisory liability claims against defendant House, but with leave to amend. The Court declines to rule on the sufficiency of plaintiff's state law claims at this time. The Court recommends denying plaintiff's motion without prejudice as moot and premature.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 19, 2020** as noted in the caption.

Dated this 28th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge