UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

        Plaintiff,

v.

XLOMARA HUERTAS et al.,

        Defendant.

CASE NO. 3:19-cv-05980-RJB-JRC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Before the Court are four motions filed by plaintiff: (1) motion for extension of time to file a further reply to plaintiff's motion for partial judgment (Dkt. 68); (2) motion to accept plaintiff's amended reply to plaintiff's motion for partial judgment (Dkt. 69); (3) motion for another extension of time to file names of John Doe defendants (Dkt. 70); and (4) motion to extend deadline or stay for plaintiff to respond to defendants' motion for summary judgment (Dkt. 71).

1    Also pending is defendants Stemler, Tuggle and Warner's (the Department of Corrections or "DOC defendants") motion for summary judgment. Dkt. 58.

The Court denies plaintiff's motions for an extension to file an amended reply (Dkt. 68, 69), but grants plaintiff's motion for extension to provide the names of the Doe defendants and respond to the DOC defendants' motion for summary judgment (Dkts. 70, 71).

**Background**

In the amended complaint, plaintiff alleges that his constitutional and state law rights were violated when his medical records from Western State Hospital ("WSH") were censored and withheld. Dkt. 38.

Plaintiff was granted *in forma pauperis* status on October 23, 2019. Dkt. 4. Plaintiff's complaint was filed the same day. Dkt. 5. On December 30, 2019, the WSH defendants filed their first motion to dismiss. Dkt. 24. Plaintiff filed an amended complaint on February 26, 2020. Dkt. 38. The Court denied the WSH defendants' first motion to dismiss as moot without prejudice based on the filing of the amended complaint. Dkt. 39, 44.

The WSH defendants filed their renewed motion to dismiss (hereinafter "motion to dismiss") on March 11, 2020. Dkt. 41. The WSH defendants move for dismissal of all plaintiff's claims against them except for plaintiff's equal protection claims against defendants House and Huertas and plaintiff's related claims against WSH for a failure to provide records. Dkt. 41. Plaintiff filed his motion for partial judgment on the pleadings (hereinafter "motion for partial judgment") on April 16, 2020. Dkt. 53.

The DOC defendants filed their motion for summary judgment on May 4, 2020. Dkt. 58. Plaintiff filed a response on May 23, 2020. Dkt. 76. The DOC defendants filed a reply on May 29, 2020. Dkt. 81.

1  On May 28, 2020, the undersigned issued a report and recommendation on the WSH

2 defendants' motion to dismiss and plaintiff's motion for partial judgment. Dkt. 79. The

3 undersigned recommended that the WSH defendants' motion to dismiss be granted in part and

4 denied in part. Dkt. 79 (recommending dismissal of plaintiff's First Amendment claims with

5 prejudice and without leave to amend and dismissal of plaintiff's supervisory liability claims

6 against defendant House with leave to amend). The undersigned recommended denying

7 plaintiff's motion for partial judgment without prejudice as moot and premature. Dkt. 79.

8 Plaintiff filed objections on June 11, 2020, Dkt. 82, and the recommendation is currently noted

9 for June 26, 2020.

10  **1. Motions to Amend Reply (Dkt. 68, 69)**

11  Plaintiff moves to amend his reply in support of his motion for partial judgment and for

12 additional time to do so. Dkt. 68, 69. The Court found that plaintiff's motion for partial judgment

13 was premature and recommended that the motion for partial judgment be denied without

14 prejudice as moot. *See* Dkt. 79. Because the motion for partial judgment is still premature and

15 plaintiff's motions do not change the recommendation, both motions (Dkt. 68, 69) are denied as

16 moot.

17  **2. Motion for Extension to File Names of Doe Defendants (Dkt. 70) and Motion to Extend Deadline or Stay for Plaintiff's Response to Defendants' Motion for**
18  **Summary Judgment (Dkt. 71)**

19  Plaintiff seeks a 60-day extension to file the names of the Doe defendants because he is

20 awaiting discovery from defendants and records from a public records request. Dkt. 70. The

21 names of the Doe defendants were due on or before May 14, 2020. Dkt. 56. In a separately filed

22 motion, plaintiff seeks a 90-day extension or stay of his deadline to file a response to defendants'

23 motion for summary judgment in order to conduct additional discovery. Dkt. 71. Plaintiff also

24

1  filed a timely response wherein he responds to portions of the motion, but seeks more time to

2  obtain discovery and identify the Doe defendants. *See* Dkt. 76.

3  Rule 56(d) of the Federal Rules of Civil Procedure provides:

4  When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
5  essential to justify its opposition, the court may:

6  (1) defer considering the motion or deny it;

7  (2) allow time to obtain affidavits or declarations or to take discovery; or

8  (3) issue any other appropriate order.

9  Fed. R. Civ. P. 56(d).

10  The party seeking such a continuance must make (a) a timely application which (b)

11  specifically identifies (c) relevant information, (d) where there is some basis for believing that

12  the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust*

13  *Fund v. Clorox Co.,* 353 F.3d 1125, 1129–1130 (9th Cir. 2004). The burden is on the party

14  seeking additional discovery to proffer sufficient facts to show that the evidence sought exists.

15  *Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). The Court may deny

16  the request unless the party opposing summary judgment articulates how additional discovery

17  may preclude summary judgment and demonstrates diligence in pursuing discovery thus far.

18  *Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 844 (9th Cir. 1994). "Although Rule 56(f)

19  [now Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving

20  party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the

21  rule as requiring, rather than merely permitting, discovery where the non-moving party has not

22  had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l,*

23  *Inc. v. Wornick,* 264 F.3d 842, 846 (9th Cir. 2001) (internal quotation marks and citation

24

1  omitted); *see also Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort
2  Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (finding that where "a summary
3  judgment motion is filed so early in the litigation, before a party has had any realistic opportunity
4  to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f)
5  motion fairly freely").

6  Here, the Court finds that plaintiff has demonstrated that he cannot present facts to justify
7  his opposition to the DOC defendants' motion for summary judgment and qualified immunity
8  defense without further discovery. *See* Fed. R. Civ. P. 56(d). Plaintiff states specific information
9  that he seeks to elicit through further discovery, including the identify of several Doe defendants,
10 DOC policies and forms, and responses to interrogatories. Dkt. 70, 71. He also sufficiently
11 demonstrates that the specific facts exist by identifying specific information and records that
12 plaintiff seeks to obtain. *See id.* As plaintiff has not received a response to his public records
13 request and has not been able to meet and confer with the DOC defendants in an effort to resolve
14 outstanding discovery issues, he cannot put forth sufficient evidence to controvert the DOC
15 defendants' motion for summary judgment. *See id.* There is no evidence that plaintiff has failed
16 to diligently pursue discovery as discovery does not close until July 1, 2020 and dispositive
17 motions are not due until August 3, 2020. Dkt. 27.

18 Based on the foregoing, the undersigned concludes that plaintiff has met the requirements
19 of Rule 56(d) to require further discovery prior to ruling on the DOC defendants' motion for
20 summary judgment. This will ensure that the Court is provided with a complete and accurate
21 record prior to ruling on a motion for summary judgment. Moreover, the undersigned
22 recommended that plaintiff be granted leave to file an amended complaint. *See* Dkt. 79. While
23 that recommendation has not yet been ruled on by District Judge Robert J. Bryan, if adopted,
24

1 | plaintiff would be afforded an opportunity to file an amended complaint, in which case, the

2 | operative complaint would be treated as non-existent, with the possibility that the DOC

3 | defendants' motion for summary judgment would be moot. *See Ferdik v. Bonzelet*, 963 F.2d

4 | 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542,

5 | 1546 (9th Cir. 1990) (amended pleading operates as a complete substitute for the original

6 | complaint)). Accordingly, the undersigned grants plaintiff's request for a continuance pursuant

7 | to Rule 56(d) and for an extension to file the names of the Doe defendants. The Court will

8 | consider plaintiff's original response in ruling on the DOC defendants' motion for summary

9 | judgment, Dkt. 76, and he may also file a supplemental response on or before August 17, 2020.

10 | The DOC defendants may file a supplemental reply on or before August 24, 2020. The names of

11 | the Doe defendants are due on or before August 17, 2020.

12 | The Clerk is directed to re-note defendants' motion for summary judgment for August 24,

13 | 2020, following the completion of discovery.

15 | Dated this 18th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER - 6