UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

          Plaintiff,

   v.

XLOMARA HUERTAS et al.,

          Defendants.

CASE NO. 3:19-cv-05980-RJB-JRC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are three motions: (1) plaintiff's motion to extend the discovery deadline (Dkt. 87); (2) defendants Hendrickson, Heurtas, House, Kahn, State of Washington, and Western State Hospital's ("WSH defendants") motion for extension of time and to amend the pretrial scheduling order ("WSH defendants' motion for extension," Dkt. 93); and (3) plaintiff's motion to set a due date for filing a joint pretrial statement, set a trial date and rule on manner plaintiff will transport to trial ("motion to set a trial date," Dkt. 96). Also

ORDER - 1

1 pending is defendants' Stemler, Tuggle, and Warner's ("DOC defendants") motion for summary

2 judgment (Dkt. 58), which the Court will address in a separate report and recommendation.

## BACKGROUND

On December 31, 2019, the Court entered a pretrial scheduling order providing that all discovery be completed by July 1, 2020 and any dispositive motion be filed on or before August 3, 2020. Dkt. 27. After several extensions, plaintiff was directed to file the names of the Doe defendants on or before August 17, 2020. Dkt. 84.

On July 2, 2020, District Judge Robert J. Bryan adopted the undersigned's report and recommendation (Dkt. 79) which granted in part and denied in part the WSH defendants' motion to dismiss. Dkt. 86. Plaintiff's First Amendment claim was dismissed with prejudice and without leave to amend. Dkt. 79, 86. Plaintiff's supervisory liability claim against defendant House was dismissed but with leave to amend. Dkt. 79, 86. The case was re-referred to the undersigned for further proceedings. *Id.*

On July 6, 2020, plaintiff was ordered to file an amended complaint on or before August 6, 2020 as to his supervisory liability claim against defendant House. Dkt. 79, 86, 88. On August 6, 2020, plaintiff filed a response indicating that he declined to file an amended complaint. Dkt. 95. The Court previously advised plaintiff that failure to file an amended complaint on or before August 6, 2020 may result in a recommendation that plaintiff's supervisory liability claims against defendant House be dismissed with prejudice. *See* Dkt. 88. The Court will address dismissal of plaintiff's supervisory liability claims against defendant House in a separately filed report and recommendation.

ORDER - 2

DISCUSSION

Plaintiff now requests a 120-day extension of the discovery deadline. Dkt. 87. Plaintiff contends that an extension is needed to obtain the records of mailroom practices and possible witnesses. Dkt. 87 at 3. Plaintiff alleges that defendants have not provided the names of the Doe defendants. *Id.* Plaintiff alleges that he needs to submit additional discovery requests to obtain the identity of these defendants. *Id.*

The DOC defendants object to plaintiff's request arguing that plaintiff does not specify what discovery he needs to obtain. Dkt. 89. The DOC defendants argue that the DOC has not been able to identify any mailroom employee who returned his envelope to WSH in 2017, the "Doe defendant." Dkt. 90 at 1, Declaration of Counsel. The DOC defendants argue that they arranged for a telephone conference with plaintiff, but they were unable to coordinate the meeting because plaintiff sent a letter back indicating that any calls should be scheduled around his library schedule, which was complicated by counsel's schedule and staff schedules. *Id.* at 2. Lastly, the DOC defendants argue that plaintiff has had more than enough time to conduct discovery and with the exception of naming the Doe defendant, plaintiff has received responses to all his discovery requests. *Id.*

The WSH defendants responded to plaintiff's motion for extension, arguing that plaintiff has not shown good cause for an extension because plaintiff has not identified what new discovery is needed. Dkt. 91 at 1-2. The WSH defendants argue that plaintiff has already requested and received extensions to identify the Doe defendants and has had more than adequate time to conduct discovery. *Id.* at 2.

In their own motion, the WSH defendants request a 60-day extension of the dispositive deadline only. Dkt. 93. Since the filing of the WSH defendants' motion for extension, plaintiff

has declined to file an amended complaint. *See* Dkt. 95. In their reply, the WSH defendants' argue that even though plaintiff does not wish to amend his complaint, that does not mean that summary judgment motions should be precluded because pre-answer motions have taken several months to resolve in this case. Dkt. 97.

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Pursuant to Fed. R. Civ. P. 16(b), the Court considers the diligence of the party seeking the amendment in determining "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

Here, with respect to plaintiff's motion to extend the discovery deadline, plaintiff has described discovery he seeks –the identity of the Doe defendant, mailroom supervisor, and potential witnesses. Dkt. 87, 92. While it appears that the DOC defendants have responded to plaintiff's request and have not been able to identity the mailroom employee who rejected plaintiff's envelope, there is no indication that plaintiff has not been diligent in seeking discovery. Importantly, plaintiff has pursued these discovery requests before. In his reply, plaintiff states that he became aware through a previous discovery response that defendant Tuggle was not the mailroom supervisor, which is why discovery is not yet complete. Dkt. 92 at 3-4. In addition, plaintiff attempted to meet and confer with the DOC defendants. Dkt. 92. It is undisputed between the parties that plaintiff missed a scheduled call from defense counsel

because plaintiff was in the law library, but no further attempts were taken to reschedule the call or further communicate with plaintiff. Dkt. 90, 92.

The Court concludes that plaintiff has been diligent in seeking discovery from defendants and explained why he has not obtained the discovery that he asserts he still needs. Accordingly, the Court finds that good cause to extend the discovery deadline for the limited purpose of identifying the Doe defendants, if possible, and the mailroom supervisor and potential witnesses. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (A plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery.). Further, given the DOC defendants and plaintiff's unsuccessful effort meet and confer, the Court also extends the deadline to file, if necessary, a motion to compel. The Court also finds it appropriate to extend the dispositive motion deadline to allow for completion of discovery. Therefore, both plaintiff's motion for extension of the discovery deadline (Dkt. 87) is granted in part, and the WSH defendants' motion for extension of the dispositive deadline (Dkt. 93) is granted.

The Court extends the discovery deadline and plaintiff's deadline to identify the Doe defendants to October 16, 2020. No further extensions will be granted without good cause. The corresponding deadline for any motion to compel is October 23, 2020. The dispositive motion deadline is extended to October 30, 2020.

The Court re-notes the DOC defendants' motion for summary judgment (Dkt. 58) to October 23, 2020 to allow for the completion of discovery. This will ensure that the Court is provided with a complete and accurate record prior to ruling on a motion for summary judgment. Plaintiff may file a supplement response to the DOC defendants' motion for summary judgment

1 | on or before October 16, 2020. The DOC defendants may file a supplemental reply on or before
2 | October 23, 2020.
3 |      The parties are advised that the Court expects that they meet and confer as soon as
4 | possible to discuss how the remaining discovery can be completed on or before October 16,
5 | 2020. The Court expects that the parties be reasonable in their expectations and make every
6 | effort to resolve discovery issues without the Court's involvement. However, if the parties are
7 | unable to agree on disputed issues after conferring in good faith, they may file a motion to
8 | compel with the Court or request a telephonic status conference.
9 |      Plaintiff also moves for the Court to order a deadline for the filing of a joint pretrial
10 | statement, set a date for trial, and rule on whether plaintiff will appear at trial in person, by phone
11 | or by television. Dkt. 96. Because the Court extends the discovery and dispositive deadline, it is
12 | not necessary to set any trial-related dates or determine plaintiff's presence at trial at this time.
13 | Accordingly, plaintiff's motion to set a trial date (Dkt. 96) is denied without prejudice as moot
14 | and premature.
15 |      Dated this 19th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge