UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

        Plaintiff,

   v.

XLOMARA HUERTAS et al,

        Defendants.

CASE NO. 3:19-cv-05980-RJB-JRC

ORDER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge J. Richard Creatura. Plaintiff Joshua D. Lambert initiated this civil rights action in October 2019. Dkt. 1. There are several pending motions before the Court: (1) Defendants Stemler, Tuggle, and Warner's ("the DOC defendants") motion for summary judgment (Dkt. 58, 87, 98); Defendants Hendrickson, Heurtas, House, Kahn, State of Washington, and Western State Hospital's ("the WSH defendants") motion to dismiss (Dkt. 100, 105); (3) plaintiff's deadline to identify the doe defendants (Dkt. 98) and his responsive supplements (Dkt. 112,

113); (4) plaintiff's three motions for extension (Dkt. 108, 109, 110); and (5) the WSH defendants' motion for summary judgment (Dkt. 115).

After a review of the record, the Court orders plaintiff to file an amended complaint to include the additional defendants identified in his supplements on or before December 10, 2020. Plaintiff's request for an extension of the discovery deadline is granted (Dkt. 109) and his request for an extension to respond to the DOC defendants' motion for summary judgment (Dkt. 110) is denied. The pending dispositive motions (Dkt. 58, 100, 115) are re-noted for the Court's consideration on December 10, 2020.

### 1. Motion for Extension to File Names of John Doe Defendants (Dkt. 108) and Two Supplements to (Dkt. 112, 113)

The Court ordered plaintiff to provide the full names and addresses sufficient for the Court to complete service upon the John/Jane Doe Defendants on or before October 16, 2020. Dkt. 98.

On October 8, 2020, plaintiff filed his motion for extension to file the names of the Doe defendants. Dkt. 108. In the motion, plaintiff seeks a one day extension because the prison library was closed until October 17, 2020. *Id.* The Court denies the motion for extension as moot as plaintiff has now filed two supplements providing the names of the Doe defendants. *See* Dkt. 112, 113.

On October 19, 2020, and October 20, 2020, plaintiff filed two supplements identifying the Doe defendants as: James Palmer, Melvin Hopkins, Roy Gonzalez, and Tracy Schneider. Dkt. 112, 113. Plaintiff states these newly identified defendants are in charge of training and supervising the mailroom staff and responsible for policies and practices at Monroe Correctional Complex ("MCC"). *See id.* However, plaintiff did not attach a proposed amended complaint to his supplements; rather, plaintiff appears to request the newly identified defendants be

substituted. *See id.* Rather than substituting or supplementing his complaint, plaintiff must file an amended complaint containing all claims for relief and naming all defendants.

The DOC defendants filed their answer on March 10, 2020. Dkt. 40. Thus, the time has expired for filing an amendment as a matter of course and plaintiff cannot amend pursuant to Rule 15(a)(1). Further, defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 114. As such, to amend the complaint, plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

The DOC defendants argue plaintiff's proposed amendments are "unlikely to be sufficient" because defendants employed at DOC headquarters cannot be shown to be supervisors of the individual mailrooms or the staff. Dkt. 114. The DOC defendants also argue plaintiff has sought several extensions to name the Doe defendant who actually returned his letter to WSH with little mention of any supervisory Doe defendants. *Id.* The DOC defendants argue plaintiff knew the identify of defendant Schneider and her responsibilities because she described them in a declaration attached to the DOC defendants' motion for summary judgment. Dkt. 59, 114. The DOC defendants request the Court deny plaintiff's request to serve the newly identified defendants and the court dismiss the mailroom Doe defendant for failure to comply with the Court's deadlines. *Id.*

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d

877, 880 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

First, regarding undue delay, plaintiff filed the present motion to amend over seven months after defendants filed the answer and nearly six months after the DOC defendants filed a motion for summary judgment. *See* Dkt. 58, 98. However, plaintiff states he only recently identified the Doe defendants through the discovery process. Dkt. 112, 113. These circumstances support a finding that plaintiff acted diligently in identifying the Doe defendants. Moreover, undue delay, "by itself...is insufficient to justify denying a motion to amend." *Owens v. Kaiser Foundation Health Plan, Inc., 244* F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted).

Second, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). A proposed amended complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3 646, 656 (9th Cir. 2017) (citation and internal quotation marks omitted). Here, the DOC defendants argue allowing service on the newly identified defendants would be futile because plaintiff has not alleged facts sufficient to establish supervisory liability. Dkt. 114. The DOC defendants argue that two of the newly identified defendants are employed at DOC headquarters in Olympia, Washington, rather than at MCC, and plaintiff cannot show personal participation in the alleged constitutional violations. Dkt. 114. However, plaintiff seeks to add the newly identified defendants based on their role in training and supervising and developing policies and practices. Dkt. 112, 113. Plaintiff also names two defendants, Palmer and Hopkins, who work at MCC, and therefore, the

DOC defendants' argument that plaintiff cannot show liability is not entirely persuasive. Because it is not clear that plaintiff's claims against the newly identified defendants would not support a valid claim for relief, the proposed amendments are not futile. In the amended complaint, plaintiff should specifically identify the policy which the newly named defendants implemented, enforced, and participated in which caused him harm. Plaintiff must plead specific facts in support of this claim and plaintiff must allege more than conclusory allegations against the newly named defendants.

Third, with respect to prejudice, plaintiff's submission of the newly identified defendants was based on information he received through the discovery process and at the direction from the Court after granting several extensions. Dkt. 21, 28, 37, 51, 56, 70, 84, 98. The Ninth Circuit has held that a district court abused its discretion by denying leave to amend where the deficiencies could be cured by naming the correct defendant. *See Crowley v. Bannister,* 734 F.3d 967, 978 (9th Cir. 2013). Accordingly, the undersigned finds that the prejudice suffered by defendants if plaintiff is permitted to amend his complaint does not outweigh the prejudice suffered by plaintiff if he is not permitted leave to amend in order to identify the Doe defendants. *Crowley,* 734 F.3d at 978 (citing *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).

Finally, the DOC defendants do not argue that plaintiff seeks to amend the complaint in bad faith, nor do any facts surrounding the motion to amend suggest plaintiff made the motion in bad faith. Thus, this factor does not support a finding that plaintiff's motion to amend should be denied.

As such, the Court finds the interests of justice require giving plaintiff leave to amend. Plaintiff is directed to file a new and complete amended complaint including all new claims and defendants he wishes to add which are related to his complaint on or before December 10, 2020.

Plaintiff is directed to file the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or first amended complaint by reference except that the amended complaint does not need to plead again any claim that the Court has dismissed without leave to amend. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court reminds plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff should also carefully review the arguments presented in defendants' motion to dismiss and motions for summary judgment and file the amended complaint accordingly.

Plaintiff must file his amended complaint by no later than December 10, 2020. If plaintiff fails to file an amended complaint by December 10, 2020, the Court will proceed on plaintiff's operative complaint (Dkt. 38) and enter a report and recommendation on the pending dispositive motions.

**2. Motion for Extension of Discovery Deadline (Dkt. 109) and Motion to Extend Deadline to File Response to Summary Judgment (Dkt. 110)**

Plaintiff moves for the Court to again extend the discovery deadline and extend the time to file a response to the DOC defendants' motion for summary judgment. Dkt. 109, 110.

With respect to plaintiff's request to extend the time to file a response to the DOC defendants' motion for summary judgment, as the Court has granted plaintiff leave to amend his complaint, any pending dispositive motions will be moot upon the filing of the amended complaint. Therefore, plaintiff's request for an extension of time to file a response to the DOC defendants' motion for summary judgment is denied at this time. If plaintiff declines to file an amended complaint on or before December 10, 2020, he may renew his request for an extension to file a response to the DOC defendants' motion for summary judgment.

In his motion for extension of the discovery deadline, plaintiff states that he needs to submit interrogatories to the newly identified defendants, which he alleges will take a month or more. Dkt. 110. Plaintiff alleges that records will show mail staff at MCC knew of a pattern of not providing notices for rejected mail which will show supervisory liability. *Id.* Plaintiff alleges that other inmates grieved about not receiving mail rejections, which shows it was not a single, random act, but rather an institutional policy. *Id.* Plaintiff appears to be having difficulty receiving some of the records, which were sent to his mother. *Id.* Plaintiff seeks a 60-day extension of the discovery deadline. *Id.*

The DOC defendants argue that they have received and responded to five sets of interrogatories, two requests for production and one request for admission. Dkt. 111. The DOC defendants they responded to five requests related to inquiries made from the Public Records Office of the DOC. *Id.* The DOC defendants argue their motion for summary judgment is based,

1  in part, on qualified immunity, and therefore, they should not be subjected to the costs of

2  discovery in cases where they have not violated plaintiff's clearly established rights. *Id.* at 3.

3      A scheduling order may only be modified for good cause and with the Court's consent.

4  Fed. R. Civ. P. 16(b)(4). "Good cause" for modification of pretrial order's scheduling deadline

5  means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking

6  the extension; carelessness is not compatible with finding of diligence and offers no reason for

7  grant of relief. *Id.*

8      The discovery cutoff date was October 30, 2020. Dkt. 98. However, as noted above, the

9  Court grants plaintiff's motion to amend in order to add four new defendants which plaintiff

10  recently identified through discovery, and plaintiff is ordered to file an amended complaint on or

11  before December 10, 2020.  In light of the foregoing and newly identified defendants, the Court

12  finds that plaintiff has shown good cause for an extension of the discovery deadline. The

13  discovery deadline is extended to January 15, 2021 and the dispositive motion deadline is

14  extended to January 22, 2021. The scope of discovery is limited to the newly named defendants:

15  James Palmer, Melvin Hopkins, Roy Gonzalez, and Tracy Schneider and their role in training

16  and supervising the mailroom staff along with any responsibility for policies and practices at

17  MCC.

18      The Clerk is directed to re-note the WSH defendants' motion to dismiss (Dkt. 100); the

19  DOC defendants' motion for summary judgment (Dkt. 58); and the WSH defendants' motion for

20  summary judgment (Dkt. 115) for December 10, 2020. If plaintiff files an amended complaint or

21  before December 10, 2020, the pending dispositive motions will be moot, which the Court will

22  address in a report and recommendation. If plaintiff declines to file an amended complaint on or

23

24

1  before December 10, 2020, the case will proceed on the operative complaint (Dkt. 38) and the

2  Court will enter a report and recommendation on the pending dispositive motions.

3  Dated this 4th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge