UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA D. LAMBERT,

        Plaintiff,

v.

XLOMARA HUERTAS et al,

        Defendants.

CASE NO. 3:19-cv-05980-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 26, 2021

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge J. Richard Creatura. Presently before the Court are the following motions: the Washington State Hospital ("WSH") defendants' motion to dismiss (Dkt. 100); the Department of Corrections ("DOC") defendants' motion for summary judgment (Dkt. 58); and the WSH defendants' motion for summary judgment (Dkt. 115).

On February 13, 2021, plaintiff filed his second amended complaint attempting to supplement his first amended complaint by providing a number of new defendants and proposed revisions to the amended complaint. Dkt. 125. The Court interpreted the filing as a request to supplement the first amended complaint and denied the request to supplement since this requires

REPORT AND RECOMMENDATION - 1

a new complaint that includes all claims against all parties in a single document. Dkt. 126. Nevertheless, the Court directed plaintiff to file a single, consolidated second amended complaint on or before March 19, 2021. Dkt. 126.

An amended complaint supersedes the original complaint and amended complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint and first amended complaint are "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Defendants' pending motions attack the first amended complaint, which will be "non-existent" because plaintiff was granted leave to file a second amended complaint. Dkt. 126. In light of the Court's order directing plaintiff to file a complete second amended complaint, the Court finds the pending motions (Dkt. 58, 100, 115) are moot. Accordingly, the undersigned recommends the motions (Dkt. 58, 100, 115) be denied without prejudice, subject to refiling based on the allegations contained in the second amended complaint. *See Nelson v. City of Los Angeles*, 2015 WL 1931714 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 2

1  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time
2  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March
3  26, 2021, as noted in the caption.

4      Dated this 1st day of March, 2021.

                                  J. Richard Creatura
                                  United States Magistrate Judge