1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10

11   JOSHUA LAMBERT,                          CASE NO. 3:19-cv-05980-DGE

                        Plaintiff,            ORDER ADOPTING REPORT AND
12            v.                              RECOMMENDATION

13   XLOMARA HEURTAS[1] et al,

14                      Defendant.

15

16          This matter comes before the Court on the Report and Recommendation ("R&R") of the

17   Honorable J. Richard Creatura (Dkt. No. 159) and Plaintiff Joshua Lambert's objections to the

18   R&R.  (Dkt. No. 161.)

19

20

21

22   _____

23   [1] The Court notes that Defendant's last named is properly spelled "Huertas", that her first name is actually
     "Xiomara", and that Defendant changed her last named to "Crockett" while this action was pending.  (Dkt. No. 116.)
     In the interests of consistency and to avoid confusion, the Court will use Defendant's name as it appears above
24   throughout this order.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

2

In October 2019, Plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. §

3 1983 against the State of Washington, the Western State Hospital ("WSH"), and various staff

4 and officials who work for the Department of Corrections ("DOC"), the Monroe Corrections

5 Center, the Department of Social and Health Services ("DSHS"), and WSH.  (Dkt. No. 5.)

6 Plaintiff asserts constitutional and state law claims stemming from: 1) the failure to provide

7 medical records from Plaintiff's time at WSH in 2012; and 2) an incident in which an unknown

8 MCC staff member wrongly returned Plaintiff's incoming mail without providing Plaintiff a

9 rejection notice.  (Dkt. No. 5.)  Several of Plaintiff's claims, and one of the named Defendants in

10 this case, Natasha House, were dismissed from this action.  (Dkt. Nos. 86 and 107.)

11

In July 2021, the remaining Defendants filed motions for summary judgment seeking

12 dismissal of all outstanding claims.  (Dkt. Nos. 135 and 138.)

13

On October 4, 2021, Judge Creatura issued the instant R&R, recommending that: (1) the

14 Court find that Plaintiff's claims against the State of Washington or agencies thereof as barred by

15 the Eleventh Amendment; (2) Plaintiff's First Amendment claim regarding Plaintiff's medical

16 record be dismissed because the Court already dismissed this claim without leave to amend (Dkt.

17 No. 86), finding that the First Amendment does not create a generalized right of access that can

18 be applied in this context; (3) Plaintiff could not establish an equal protection violation on a

19 theory of discrimination against a "class of one" even if he could establish that one of the

20 Defendants failed to respond to his records request in accordance with state law, and even if

21 Plaintiff could establish such a claim, he failed to show that either Defendant named in his Equal

22 Protection claims (Huertas and House) acted so arbitrarily or irrationally as to give rise to a class

23 of one claim; (4) the Court should also decline to exercise supplemental jurisdiction over

24

1    Plaintiff's state law claims related to the alleged wrongful withholding of his records; and (5)

2    Plaintiff has not provided facts from which a trier of fact could conclude that any of the DOC

3    defendants knew of the alleged mailroom issues and failed to correct them.  (Dkt. No. 159 at 7-

4    17.)  Judge Creatura also recommended revoking Plaintiff's in forma pauperis ("IFP") status for

5    purposes of appeal.  (*Id.* at 17-18.)

6        Plaintiff objected to the R&R (Dkt No. 161.) and Defendants responded.  (Dkt. Nos. 162

7    and 163.)

8                    **II.    STANDARD OF REVIEW**

9        The district judge must determine de novo any part of the magistrate judge's disposition

10   that has been properly objected to.  The district judge may accept, reject, or modify the

11   recommended disposition; receive further evidence; or return the matter to the magistrate judge

12   with instructions. Fed. R. Civ. P. 72(b)(3).

13       On a motion for summary judgment, the court views the evidence and draws inferences

14   in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255; *Sullivan v. U.S.*

15   *Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004).  The Court must draw all reasonable

16   inferences in favor of the non-moving party.  *See O'Melveny & Meyers*, 969 F.2d at 747, rev'd on

17   other grounds, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient

18   showing on an essential element of her case with respect to which she has the burden of proof" to

19   survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

20       While it is sufficient for the Plaintiff to establish that there is a genuine dispute

21   concerning a material fact, once the moving party has carried its burden under Federal Rule of

22   Civil Procedure 56 by establishing that there is no such dispute, the party opposing the motion

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1   "must do more than simply show that there is some metaphysical doubt as to the material facts."

2   *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

3       The opposing party cannot rest solely on her pleadings but must produce significant,

4   probative evidence in the form of affidavits, and/or admissible discovery material that would

5   allow a reasonable jury to find in her favor.  *Id.* at n.11; *Anderson v. Liberty Lobby, Inc*., 477

6   U.S. 242, 249-50 (1986).  The nonmoving party "must produce at least some 'significant

7   probative evidence tending to support the complaint.'" *(Id.); see also California Architectural*

8   *Building Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) ("No

9   longer can it be argued that any disagreement about a material issue of fact precludes the use of

10   summary judgment.").

11                          **III.     DISCUSSION**

12       **A.  Plaintiff's Objections.**

13       Plaintiff does not object to Judge Creatura's finding that his claims against the State of

14   Washington and its agencies are barred by the Eleventh Amendment.  Nor does Plaintiff object

15   to Judge Creatura's finding that his state law claims be dismissed without prejudice.

16       Plaintiff however contends that: (1) Corrections Specialist Lee Stemler, who processed

17   his grievance regarding his wrongly returned incoming mail, admitted that it was the policy of

18   MCC to not provide a rejection notice if mail was not "officially rejected" and that the wording

19   of her grievance response suggests that she spoke to another party about it; (2) Plaintiff has

20   hearsay evidence from other inmates indicating that MCC staff do not always provide a rejection

21   notice for rejected mail; (3) the mailroom staff were not properly trained to always provide a

22   rejection notice; (4) Defendant House is liable under a theory of supervisory liability; and (5) a

23   reasonable jury could find that Defendant Heurtas knew that Plaintiff did not receive his medical

24

records because he mailed multiple letters stating this, and Defendant House could have told Defendant Heurtas about them during his appeals process.  (Dkt. No. 161 at 2-9.)

         1.   Objections as to Specialist Stemler

Defendant Stemler, a Corrections Specialist at MCC, stated that she reviewed Plaintiff's grievance about his mail rejection and responded to it.  (Dkt. 63 at 2.)  Defendant Stemler stated that Plaintiff's compact disc ("CD") with his public records request documents was "not officially 'rejected' and therefore under DOC Policy . . . did not require a rejection notice to [Plaintiff]." (Dkt. No. 63-1 at 2.)  Defendant Stemler states that Plaintiff did not appeal this response.  (Dkt. 63 at 2.)

In his R&R, Judge Creatura found that even though Defendant Stemler responded to Plaintiff's grievance, Plaintiff provided no evidence that she was part of the initial mistake that led to the rejection of his mail or that she, or any other named Defendant, affirmatively rejected his mail without notice or participated in that rejection without notice.  (Dkt. No. 159 at 16.), citing *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (rejecting liability for a staff member who merely signed a grievance); *see also Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (noting that a person subjects another to the deprivation of a constitutional right within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") (internal citations omitted.)

Plaintiff's contention that Stemler could have spoken to someone in the mailroom about his mail is entirely speculative, and is insufficient to create a genuine issue of material fact. Plaintiff's statement that other prisoners at the same facility have also observed that MCC staff

do not always provide a rejection notice for rejected mail is insufficient to establish liability as to any of the named Defendants in this case.  (*See* Dkt. 159 at 15-16.)

### 2.   Objection as to Improper Training and Supervisory Liability

Supervisory liability under § 1983 is limited to persons who participated in the alleged conduct or had knowledge of such conduct and failed to act.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted) ("A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").  The Supreme Court has held that a lack of sufficient training may be a basis for a claim against a government official under § 1983.  *See Canton v. Harris*, 489 U.S. 378, 388 (1989).  But failure to train can only be a basis for such a claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officials] come into contact."  (*Id.*)  Deliberate indifference requires that a person have knowledge of a particular risk and then recklessly disregard it.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  The failure to train must be a "deliberate" or "conscious" choice to give rise to liability.  *Canton*, 489 U.S. at 388.

In his R&R, Judge Creatura found that Plaintiff had not provided facts from which a trier of fact could conclude that any of the named DOC Defendants knew of the alleged mailroom issues and failed to correct them, as required to show deliberate indifference.  (Dkt. No. 159 at 15.)  Plaintiff's objections to the R&R similarly provide no facts sufficient to establish liability for any of the named Defendants.

### 3.   Objection as to Defendant Heurtas

In his R&R, Judge Creatura found that with respect to his equal protection "class of one" claim, Plaintiff had not shown any facts tending to establish that Defendant Huertas acted

1    arbitrarily or unreasonably with respect to his request for information.  (Dkt. No. 159 at 11-12)

2    (citing *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) ("A class of one

3    plaintiff must show that the discriminatory treatment was intentionally directed just at him, as

4    opposed . . . to being an accident or a random act.") (internal citations and quotation marks

5    omitted.)).

6            Plaintiff's objections to the R&R do not allege any intentional conduct by Defendant

7    Heurtas with respect to his requests for information.  Plaintiff's contention that Defendant

8    Huertas communicated with Defendant House concerning his records request is speculative, and

9    insufficient to create a genuine issue of material fact.

10           **B.  IFP Status on Appeal.**

11           Finding that an appeal from this matter would lack an arguable basis in law or fact, Judge

12   Creatura recommended that Plaintiff's IFP status should be revoked for any appeal.  (Dkt. No.

13   159 at 17-18.)  For the reasons discussed above, the Court agrees, and adopts the R&R as to this

14   point.

15                              **IV.    ORDER**

16           The Court, having reviewed the Report and Recommendation of Chief United States

17   Magistrate Judge J. Richard Creatura, objections to the Report and Recommendation, if any, and

18   the remaining record, does hereby find and ORDER:

19           (1) The Court ADOPTS the Report and Recommendation (Dkt. No. 159);

20           (2) Defendants' motions for summary judgment (Dkt. Nos. 135 and 138) are GRANTED.

21   Plaintiff's federal claims are DISMISSED with prejudice.  Plaintiff's state law claims are

22   DISMISSED without prejudice.

23           (3) Plaintiff's in forma pauperis status is hereby REVOKED for any appeal.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

1          (4) The Clerk is directed to send copies of this order to Plaintiff and to the Hon. J.

2  Richard Creatura.

3          Dated this 8th day of February, 2022.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 8